MEMORANDUM **
Mali Zhang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals’ order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the IJ’s determination that Zhang’s asylum application was untimely because that finding is based on disputed facts. See 8 U.S.C. § 1158(a)(3); cf. Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per cu-riam) (exercising jurisdiction to consider one-year bar determination where facts were undisputed).
Substantial evidence supports the IJ’s adverse credibility determination, because Zhang was unable to explain a material discrepancy in her testimony regarding when she was arrested and sent to a labor camp. See Don v. Gonzales, 476 F.3d 738, 741-43 (9th Cir.2007); see also Li, 378 F.3d at 962-64 (concluding that so long as one of the identified grounds underlying a negative credibility finding goes to the heart of petitioner’s claim, the court is bound to accept the negative credibility finding). Accordingly, Zhang’s withholding of removal claim fails.
Because Zhang’s CAT claim is based on the same evidence that the IJ found not credible, and she does not point to any other evidence showing it is more likely than not that she would be tortured in China, her CAT claim also fails. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.